IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael D. Towers, | Civil No.: 3:21-cv-03489-SAL-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Lexington County Fire Service, Lexington County, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 88.] As detailed below, the court adopts the Report and grants Defendant Lexington County's[1] partial summary judgment motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is an employment dispute in which Plaintiff Michael Towers alleges Lexington County discriminated against him for his Type 1 diabetes diagnosis in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* [ECF No. 1, at 3.] After conducting its initial review of Towers' Complaint, the magistrate judge issued an order providing that she construed the Complaint to assert claims only of disparate treatment and failure to accommodate under the ADA. [ECF No. 22.] The magistrate judge then ordered Lexington County's newly appeared counsel to review her prior construction of Towers' Complaint and certify its agreement or

---

[1] The magistrate judge noted that Lexington County asserted that its fire service is a component of the county and not amenable to suit. [ECF No. 88, at 1 n.1.] Neither party objected to this fact. The court, then, only refers to Lexington County as a defendant and not Lexington County Fire Service.

1

disagreement with it. [ECF No. 30.] Neither Towers nor Lexington County disputed the magistrate judge's construction of the Complaint.

On July 9, 2022, Lexington County moved for partial summary judgment on all of Towers' claims relating to facts before November 29, 2018. [ECF No. 63.] Towers opposed the motion, ECF No. 78, and Lexington County replied, ECF No. 83. On November 3, 2022, the magistrate judge filed a Report in which she recommended this court grant Lexington County's motion as to Towers' disparate treatment claim. [ECF No. 88.] Included in the Report was the notice of right to file objections. *Id.* at 7. Towers objected on November 22, 2022. [ECF No. 97.] The matter is now ripe for review.

As an initial matter, the magistrate judge's Report sets forth, in detail, the relevant facts and standards of law on this matter. Neither Towers nor Lexington County objected to the Report's recitation of the facts. While Towers did not object to the magistrate judge's recounting of the facts, he did supplement them with additional detail in his objection. The court therefore incorporates the facts from the Report, as supplemented by Towers' objection, without recitation.

### REVIEW OF A MAGISTRATE JDUGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Without any objections, the court need not explain its reason for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

Though Towers purportedly objected to the Report, the objections are largely nonspecific. His objections mostly supplement, rather than contradict, the magistrate judge's Report. In fact, Towers' concluding paragraph reads more like a concession than an objection:

> I believed that my original complaint covered all of these bases, and until I read the Report and Recommendation it was not clear to my understanding where my complaint stood, and how it was worded. It now is. For the following reasons I am seeking an amendment to my complaint, and for truly looking at this complaint as a continuing violation doctrine when being reviewed, as the following cases and arguments apply here.

[ECF No. 97, at 8.] Based on this concession, the court finds that Towers ultimately agrees with the finding of the magistrate judge rather than objects to her determination that Towers failed to exhaust his administrative remedies. This alone would normally justify adopting the magistrate judge's Report.

But Towers is a pro se plaintiff, and the court has an obligation to construe his filings liberally. In complying with that obligation, the court construes Towers' objections as a motion to amend his Complaint to allege a hostile work environment claim which would allegedly fall within the period for filing his charge. The court further finds that Towers' goal behind amending his Complaint is to survive summary judgment on the basis he failed to exhaust his administrative remedies. In Towers' eyes if he can amend his Complaint to state a continuing violation, then this court should reject the magistrate judge's recommendation. The court, then, must resolve Towers' motion to amend to determine whether his objection has merit. For the reasons below, the court denies Towers' motion to amend, adopts the magistrate judge's entire Report, and grants judgment for Lexington County on Towers' disparate treatment claim.

**I.     Towers cannot amend his Complaint because it would be futile.**

Before the court can determine whether Towers' objection—that he properly exhausted his administrative remedies because Lexington County's alleged discrimination constituted a continuing violation— has merit, it must determine whether he has a right to amend his Complaint. The court starts by laying out the standard for amendments and then discusses the merits of Towers' proposed amendment.

**A.  Legal Standard**

Pursuant to Rule 15(a)(1), FRCP, a plaintiff may amend a complaint "once as a matter of course" within either 21 days after serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In the latter case, the "court should freely give leave when justice so requires." *Id.*

Although granting or denying a motion to amend pursuant to Rule 15(a)(2) is within the discretion of the court, *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013), the Fourth Circuit has interpreted the rule to require that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." (citation omitted)).

Leave to amend is futile when the amended complaint would not survive a motion to dismiss, *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. When assessing futility, "a district court may look to 'substantive or procedural considerations.'" *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (quoting *Davis v. Piper Aircraft*, 615 F.2d 606, 613 (4th Cir. 1980)).

### B. Towers' Complaint is still untimely even if he properly alleges a continuing violation.

The futility of Towers' motion depends on whether, if amended to allege a continuing violation, his Complaint still fails to state a timely claim. When suing under the Americans with Disabilities Act, plaintiffs must exhaust their "administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012) (citation omitted). When a plaintiff, such as Towers, files his charge with a state agency the period to file such a charge is extended from 180 to 300 days. 42 U.S.C. § 2000e-5(e)(1). In other words, the allegedly discriminatory conduct prompting Towers' federal action must have

5

occurred within 300 days of filing his charge. But even when conduct falls outside the 300-day period, if that conduct constitutes part of a "fixed and continuing practice" then the court may consider them. *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166–67 (4th Cir. 1991) (citation omitted).

Towers seeks to amend his Complaint to extend the filing period to reach Lexington County's alleged discriminatory 2015 conduct. Discriminatory conduct can either constitute discrete acts or continuing practices. On one hand, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and "constitute[] a *separate* actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (emphasis added). Plaintiffs alleging discrete acts of discrimination must file their charge within the appropriate time. *Id.* On the other hand, hostile work environment claims—which constitute continuing violations—are different because "[t]heir very nature involves repeated conduct." *Id.* at 115. Hostile work environments "occur[] over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* Towers' new allegation of a hostile work environment, if properly alleged, may reach back to the purported beginning of Lexington County's discrimination in 2015.

But even assuming, without deciding, that Towers plausibly alleges a hostile work environment claim, the court finds that his claim is still untimely. Towers filed his charge of discrimination with the South Carolina Human Affairs Commission on September 25, 2019. [ECF No. 1, at 5.] This means that for his federal claims to be timely, Lexington County's allegedly discriminatory conduct must have occurred on or after November 29, 2018—300 days before Towers filed his charge. But the only factual allegations after November 29, 2018, relate to Lexington County's alleged refusal to transfer him to dispatch. *See* [ECF No. 97, at 1–7.] As the

Supreme Court asserted in *Morgan*, a "denial of transfer" is a discrete act and not part of a continuing violation. 536 U.S. at 114–15. Even if the court were to assume Towers' career-ending training incident was the final act of a pattern of discrimination by Lexington County, the incident took place two months outside the filing period rendering this claim untimely. And because Towers' proposed claim is still untimely, his amendment is futile. The court therefore denies Towers' motion to amend.

## II.     Towers fails to specifically object to the magistrate judge's Report.

Now that the court has resolved Towers' motion to amend his Complaint, it must review any remaining objections to see if they have merit. But as the court noted above, Towers does not specifically object to the magistrate judge's Report. He, instead, supplemented the magistrate judge's factual summary with additional details relating to Lexington County's alleged discrimination. Towers even conceded the magistrate judge's conclusion that he failed to timely file his disparate treatment claim. *See* [ECF No. 97, at 8.] It was because of the magistrate judge's conclusion that he sought to amend his Complaint. *Id.* And now that the court has determined his amendment futile, all that remains is Towers' concession that his claim is untimely.

The court therefore finds that he has not specifically objected to the report and recommendation. And after a review of the Report, the court finds that the magistrate judge did not err, clear or otherwise, when she found Towers' claim untimely and recommended this court grant judgment for Lexington County. The court thus adopts the entire Report and grants judgment for Lexington County on Towers' disparate treatment claim.

## CONCLUSION

After reviewing the Report, the objections, and the record before this court, the court construes Towers' objections as a motion to amend his Complaint. The court considered this request but

7

determined Towers' proposed amendment would be futile and therefore denies his motion to amend. The court then found that, absent his request to amend, Towers failed to specifically object to the magistrate judge's report. Because the magistrate judge did not clearly err when she determined Towers' disparate treatment claim was untimely and recommended this court grant judgment for Lexington County, the court adopts the entire Report. [ECF No. 88.] Therefore, Lexington County's partial motion for summary judgment, ECF No. 63, is **GRANTED**. The only remaining claim is Towers' failure to accommodate claim relating to Lexington County's alleged failure to transfer him to dispatch.

**IT IS SO ORDERED.**

March 1, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge